SUMMARY ORDER

Defendant-appellant Bernard L. Madoff appeals the district court’s denial of bail pending sentencing pursuant to 18 U.S.C. §§ 3143(a) and 3145(c).
Post-conviction, a defendant no longer has a substantive constitutional right to bail pending sentencing. Williamson v. United States, 184 F.2d 280, 281, 95 L.Ed. 1379 (2d Cir.1950) (Jackson, Circuit Justice); United States v. Abuhamra, 389 F.3d 309, 317 (2d Cir.2004). As the district court observed, the defendant “is no longer entitled to the presumption of innocence.” Accordingly, § 3143(a) places the burden on a defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others or the community.
Here the district court found that in light of the defendant’s age (70) and the length of a potential sentence (150 years), he has an incentive to flee, and that because he has the means to do so, he presents a risk of flight, and therefore should not be released.
On an appeal from an order of detention pending sentencing, we consider both the district court’s factual determinations and its overall assessment as to the risk of flight, and we review for clear error. Abu-hamra, 389 F.3d at 317. “To identify clear error, we must do more than entertain doubts about the district court’s conclusions or hypothesize reasonable alternative findings; we must be left with the definite and firm conviction that a mistake has been committed.” United States v. Car-era, 550 F.3d 180, 204 (2d Cir.2008) (in banc) (quotation omitted).
On appeal, the defendant argues that incentive to flee is not a proper consideration under the statute, and that the district court’s findings are insufficiently detailed.
As to the incentive to flee (based on his age and exposure to a lengthy imprisonment), we consider that such an incentive naturally bears upon and increases the risk of flight. This consideration was permissible under the statute and reasonable under the circumstances, and therefore not clearly erroneous.
As to the findings, our review of the record confirms that the district court’s findings were sufficient under the circumstances of this case. The defendant’s age and, his exposure to imprisonment are undisputed, and the court did not err in inferring an incentive to flee from these facts. Moreover, the district court’s finding that the defendant has the means — and therefore the ability — to flee was not clear error. The defendant has argued that all of his assets are accounted for and are inaccessible to him; however, the district court was not required to treat this defendant’s financial representations as reliable. The defendant has a residence abroad, and has had ample opportunity over a long period of time to secret substantial resources outside the country.
Finally, we note that there was substantial evidence in the record to support a finding by the district court that bail should be denied to the defendant because he had failed to prove by clear and convincing evidence that he does “not ... pose a danger to the [pecuniary] safety of any other person or the community if re *60 leased....” 18 U.S.C. § 3143(a)(1). See, e.g., United States v. Reynolds, 956 F.2d 192, 192-93 (9th Cir.1992) (order) (“[D]anger may, at least in some cases, encompass pecuniary or economic harm.”). The district court did not address this issue in its brief oral decision, however. Inasmuch as we affirm in any event on the ground of likelihood of flight, we need not decide whether we can, in light of the record, also affirm on the ground of endangerment. See Holcomb v. Lykens, 337 F.3d 217, 223 (2d Cir.2003) (“It is well-settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court.”) (citation and internal quotation marks omitted).
In sum, the district court did not clearly err in its assessment that the defendant has failed to show by clear and convincing evidence that he is not likely to flee. The order of the district court is hereby AFFIRMED.