*United States v. Scali*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 26th day of September, two thousand eighteen.

PRESENT:    ROBERT A. KATZMANN,
          *Chief Judge*,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
          *Circuit Judges*.

---

UNITED STATES OF AMERICA,

       *Appellee*,

     v.                                 No. 18-2239-cr

JOSEPH SCALI,

       *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY. |
| For Appellee: | Olga I. Zverovich, Vladislav Vainberg, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph Scali appeals from a judgment of the district court (Román, *J.*) denying his motion for release pending sentencing. The district court found that Scali had failed to prove by clear and convincing evidence—as required under the Bail Reform Act—that he was not a flight risk. We review for clear error both the district court's predicate factual findings and its ultimate determination as to whether a defendant poses a risk of flight or a danger to the community. *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Having been found guilty of multiple felonies, Scali no longer has a substantive constitutional right to bail pending sentencing. *See id.* He bears the burden of proving "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). We will reverse the district court's decision only if "left with the definite and firm conviction that a mistake has been committed." *Cooper v. Harris*, 137 S. Ct. 1455, 1474 (2017) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985)).

The district court did not err in finding that Scali had failed to meet his heavy burden to rebut, by clear and convincing evidence, the presumption in favor of detention pending sentencing. The court reasonably determined that Scali's Guidelines range of 87-108 months' imprisonment was significant enough to provide an incentive to flee. *See, e.g., United States v.*

2

*Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990) (per curiam). It also properly considered that Scali is in his late 60s and has a number of health problems, and that therefore his potential sentence could well take up most of the rest of his life. *Cf. United States v. Madoff*, 316 F. App'x 58, 59 (2d Cir. 2009) (summary order). Additionally, the court reasonably found that Scali's perjury conviction makes it difficult to trust his promise that he will not flee. *See United States v. LaFontaine*, 210 F.3d 125, 135 n.6 (2d Cir. 2000). These factors are more than sufficient to sustain the district court's judgment.

We have considered all of Appellant's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3